Joseph J. Joyce (Bar No. 4857)
Bryan J. Stoddard (Bar No.13590)
**J. JOYCE LAW FIRM**
Attorneys for Defendant
10813 South River Front Parkway, Suite 230
South Jordan, Utah 84095
Telephone: (801) 302-2255
jjj@jjoycelawfirm.com
bjs@jjoycelawfirm.com

---

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MONTE CARLSON,<br><br>                              Plaintiff<br><br>          vs.<br><br>ENTERPRISE RENT-A-CAR COMPANY OF UTAH, LLC,<br><br>                              Defendant. | Notice of Removal from Utah State Court<br><br>  Utah State Court Case No: 210100029<br><br>  Federal Court Case No.:_____<br><br>          Judge: _____ |

Defendant Enterprise Rent-A-Car Company of Utah, LLC ("Enterprise"), through counsel, hereby submits this Notice of Removal of the above-entitled action from the First Judicial District Court, Cache County, State of Utah, to the United States District Court for the District of Utah.   By this petition, Enterprise gives notice of the removal of the action.   This notice of, and petition for, removal is made pursuant to 28 U.S.C. section 1441 et seq. and is proper and appropriate based upon the following:

1.  On or about February 12, 2021, Enterprise, through C.T. Corporation System, was served with a Summons and Complaint in an action captioned Monte Carlson v. Enterprise Rent-A-Car Company of Utah, LLC, and Doning, LLC, Civil No.

210100029.    A copy of the Return of Service, Summons and Complaint are attached hereto as Exhibit A.

2.  The Complaint alleges that Plaintiff is a resident of the state of Utah.  Enterprise Rent-A-Car Company of Utah, LLC is a Delaware limited liability company, whose sole member is Enterprise Holdings, Inc., which is a Missouri corporation with its principal place of business in Missouri.

3.  Defendant Doning, LLC was dismissed with prejudice from the case on March 2, 2021. The Order is attached as Exhibit B.

4.  Removal of this action is proper under 28 U.S.C. section 1441(b) because there is complete diversity: plaintiff is a citizen of Utah while Enterprise's sole member is not a citizen of Utah. Also, Plaintiff has asserted claims for damages in excess of $300,000, exclusive of interest and costs.

5.  This Notice of Removal has been filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C. section 1446(b).


DATED this 4th day of March 2021.

J. JOYCE LAW FIRM

By   /s/ Bryan J. Stoddard
      Joseph J. Joyce
      Bryan J. Stoddard
      Attorneys for Defendant
      Enterprise Holdings Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of March 2021, a true and correct copy of the foregoing was served via electronic filing upon the following:

Mark L. Carlson
CARLSON INJURY LAW, LLC
2019 West 1900 South, Suite 100
Syracuse, Utah 84075
Mark.Carlson@carlsoninjuryfirm.com
*Attorney for Plaintiff*

                 /s/ Mindie Michelson

Exhibit "A"

 **CT Corporation**

**Service of Process Transmittal**
02/12/2021
CT Log Number 539043329

**TO:** Paul Schulte
Enterprise Holdings, Inc.
600 Corporate Park Dr
Saint Louis, MO 63105-4211

**RE:** **Process Served in Utah**

**FOR:** Enterprise Rent-A-Car  (Assumed Name)  (Domestic State: DE)
Enterprise Rent-A-Car Company of UT, LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Monte Carlson, an Individual vs. Enterprise Rent-A-Car Company of UT, LLC, and Doing, LLC, and Does 1-5 |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 210100029 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/12/2021 at 11:39 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/12/2021, Expected Purge Date: 02/17/2021<br><br>Image SOP<br><br>Email Notification,  Brian Braunstein  Brian.S.Braunstein@ehi.com<br><br>Email Notification,  Paul Schulte  Paul.Schulte@ehi.com<br><br>Email Notification,  Caroline Balch  caroline.j.balch@ehi.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1108 E. South Union Avenue<br>Midvale, UT 84047<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Mark L. Carlson (13167)
CARLSON INJURY LAW, LLC
2019 West 1900 South, Suite 100
Syracuse, Utah 84075
Telephone: (801)845-4577
Facsimile:  (801)845-4233
Mark.Carlson@carlsoninjuryfirm.com
*Attorney for Plaintiff*

---

## IN THE FIRST JUDICIAL DISTRICT COURT

## CACHE COUNTY, STATE OF UTAH

| | |
|---|---|
| MONTE CARLSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Enterprise Rent-A-Car Company of UT, LLC, and DONING, LLC, and DOES 1-5.<br><br>Defendants. | **SUMMONS**<br><br><br><br><br><br>Case No.  210100029<br><br>Judge:  Spencer Walsh<br><br>TIER: 3 |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT: Enterprise Rent-

A-Car:

      Enterprise Rent-A-Car
      Registered Agent: CT Corporation System
      1108 E. South Union Ave.
      Midvale, UT 84047

      You are hereby summoned and required to file and Answer in writing to the

attached Complaint with the clerk of the above-entitled Court, 135 North 100 West, Logan,

UT 84321, and to serve upon or mail to Mark L. Carlson, Plaintiff's attorney at 2019 West 1900 South, Suite 100, Syracuse, UT 84075, a copy of said Answer, within 21 days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is attached herewith and served upon you.

DATED this 5th day of February.

CARLSON INJURY LAW, LLC

/s/ Mark L. Carlson
MARK L. CARLSON
Attorney for Plaintiffs

Mark L. Carlson (13167)
CARLSON INJURY LAW, LLC
2019 West 1900 South, Suite 100
Syracuse, Utah 84075
Telephone: (801)845-4577
Facsimile:   (801)845-4233
Mark.Carlson@carlsoninjuryfirm.com
*Attorney for Plaintiff*

IN THE FIRST JUDICIAL DISTRICT COURT

CACHE COUNTY, STATE OF UTAH

| | |
|---|---|
| MONTE CARLSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Enterprise Rent-A-Car Company of UT, LLC, and DONING, LLC, and DOES 1-5.<br><br>Defendants. | **COMPLAINT**<br><br><br><br>Case No.  210100029<br><br>Judge:  Spencer Walsh<br><br>TIER: 3 |

Plaintiff hereby complains against the above-named Defendants and alleges as follows:

**PARTIES AND JURISDICTION**

1.      Plaintiff Monte Carlson ("Monte") was at all times relevant to this action, a resident of, and domiciled in Cache County, Utah.

2.      At all times relevant to this action, Defendant Enterprise Rent-A-Car Company of Utah, LLC ("Enterprise") operated its business at 896 ½ N. Main Street, Logan, Cache County, Utah.

3.      At all times relevant to this action, Defendant Doning, LLC ("Doning") owned the property located at 896 ½ N. Main Street, Logan, Cache County, Utah.

4.      The incident complained of herein occurred at 896 ½ N. Main Street, Logan, Cache County, Utah.

5.      The names and capacities, and or legal responsibility for the damages in this Complaint, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 5, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names, capacities, and liabilities of DOES 1 through 5 when ascertained.

6.      Plaintiff is informed and believes each of the named Defendants and DOES 1 through 5, are legally responsible for the occurrences described in this pleading and the damages alleged herein were proximately caused by those Defendants and DOES 1 through 5.

7.      The dispute is based in Tort, and the amount demanded on behalf of Plaintiff is more than $300,000.00.  Accordingly, pursuant to Rule 26, Utah Rules of Civil Procedure, Plaintiff's claims are hereby pled under Tier Three (3).

8.      This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

9.      Venue is proper in this Court pursuant to Utah Code Ann. § 78B-3-307.

## **GENERAL ALLEGATIONS**

10.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if

fully set forth herein.

11.    On March 4, 2018, Monte reserved a rental car from Enterprise and arranged to pick up the rental car the next morning.

12.    On March 5, 2018, at approximately 8:15 a.m. Monte arrived at the Enterprise location (896 ½ N. Main Street, Logan, Cache County, Utah) to pick up his rental car.

13.     Monte went into the Enterprise store and signed the necessary paperwork.  Monte was then advised that his vehicle was ready and was given the keys to the vehicle.

14.    Monte walked out to the parking lot and went to where he was told the rental car was located.

15.    As Monte approached the car, he noticed that Enterprise had placed the wiper blades on the rental car in an upward position (presumably to prevent them from freezing during the night).

16.    As Monte attempted to lower the wiper blades, he slipped on black ice that had accumulated under the snow surrounding the rental car.

17.    Monte felt immediate shoulder pain and went back inside the Enterprise office to report the incident.

18.    Sean Fitzgerald, an Enterprise employee, inspected the area where Monte fell and confirmed Monte had slipped on the black ice that was not visible and had accumulated under the snow.

## FIRST CLAIM FOR RELIEF
(Negligence / Gross Negligence)
(All Defendants)

19.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

20.     Defendants held their property open to the public for a purpose directly connected to their businesses.

21.     Defendants owed a duty to use reasonable care to make its premises safe for invitees, including Monte.

22.     Defendants owed a duty to use reasonable care to prevent injury to their customers, including Monte.

23.     Defendants owed a duty to warn their customers, including Monte, of dangerous conditions on the premises.

24.     Defendants owed a duty to inspect and discover dangerous conditions that involved unreasonable risks of harm to their customers, including Monte.

25.     Defendants owed a duty to inspect the area around the rental car Monte was renting for dangerous conditions - such as inspecting for snow and black ice.

26.     Defendants owed a duty to remove dangerous conditions from around the rental car Monte was renting – such as snow and black ice.

27.     Defendants knew or should have known that the rental car Monte was renting was surrounded by black ice and snow.

COMPLAINT
Carlson v. Enterprise Rent-A-Car Company of UT, LLC et al.
Case No. 210100029
Page **4** of **7**

28.     Defendants knew or should have known that the snow and black ice presented an unreasonable risk of harm to its customers, including Monte.

29.     Defendants knew or should have known Monte would not discover the black ice under the snow and/or that Monte would fail to protect himself.

30.     Defendants knew, or should have known, Monte would be distracted, such that he would not discover the danger or would fail to protect himself against it, because Monte was forced to walk around the vehicle to lower the wiper blades Defendants had left in an upright position.

31.     Defendants knew or should have known that Monte would encounter the danger and he would fall and seriously injure himself as evidenced by the following:

   a.     Defendants knew the time Monte was arriving to pick up the rental car.

   b.     Defendants knew the specific car Monte was renting before he arrived at their business location.

   c.     Defendants knew the rental car was surrounded by snow and black ice.

   d.     Defendants made no effort to remove the snow and black ice from around the rental car before Monte arrived.

   e.     Defendants instructed Monte to go to the parking lot despite knowing Monte would have to encounter the snow and black ice to get to the rental car.

32.     Defendants knew the parking lot's design caused water and ice to accumulate around the rental cars.

33.     Defendants owed a duty to take steps to prevent the accumulation of water and ice around the rental cars.

34.     Defendants owed a duty to warn customers of the accumulation of ice around the rental cars.

35.     Defendants breached the aforementioned duties.

36.     Defendants failed to observe even slight care.

37.     Defendants' acts and omissions were knowing, intentional, careless and reckless to a degree that showed utter indifference to the consequences of such acts and omissions.

38.     As a direct and proximate cause of the allegations contained herein, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent disfigurement, past and future medical expenses, mental anguish and suffering, loss of dignity, depression, feelings of hopelessness, despair, isolation, diminished earning capacity, lost wages, past and future household services, etc.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For all damages to which Plaintiff is entitled, in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent

disfigurement, past and future medical expenses, mental anguish and suffering, loss of dignity, depression, feelings of hopelessness, despair, isolation, diminished earning capacity, lost wages, past and future household services, etc.

2.      For punitive damages,

3.      For pre-judgment and post-judgment interest, and

4.      For such other relief as may be deemed fair and equitable under the circumstances.

DATED this 1st day of February, 2021.

CARLSON INJURY LAW, LLC

*/s/ Mark L. Carlson*
MARK L. CARLSON
Attorney for Plaintiff