Mark L. Carlson (13167)
CARLSON INJURY LAW, LLC
2019 West 1900 South, Suite 100
Syracuse, Utah 84075
Telephone: (801)845-4577
Facsimile:  (801)845-4233
Mark.Carlson@carlsoninjuryfirm.com
*Attorney for Plaintiff*

IN THE FIRST JUDICIAL DISTRICT COURT

CACHE COUNTY, STATE OF UTAH

| | |
|---|---|
| MONTE CARLSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Enterprise Rent-A-Car Company of UT, LLC, and DONING, LLC, and DOES 1-5.<br><br>Defendants. | **COMPLAINT**<br><br>Case No.<br><br>Judge:<br><br>TIER: 3 |

Plaintiff hereby complains against the above-named Defendants and alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Monte Carlson ("Monte") was at all times relevant to this action, a resident of, and domiciled in Cache County, Utah.

2. At all times relevant to this action, Defendant Enterprise Rent-A-Car Company of Utah, LLC ("Enterprise") operated its business at 896 ½ N. Main Street, Logan, Cache County, Utah.

3.      At all times relevant to this action, Defendant Doning, LLC ("Doning") owned the property located at 896 ½ N. Main Street, Logan, Cache County, Utah.

4.      The incident complained of herein occurred at 896 ½ N. Main Street, Logan, Cache County, Utah.

5.      The names and capacities, and or legal responsibility for the damages in this Complaint, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 5, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names, capacities, and liabilities of DOES 1 through 5 when ascertained.

6.      Plaintiff is informed and believes each of the named Defendants and DOES 1 through 5, are legally responsible for the occurrences described in this pleading and the damages alleged herein were proximately caused by those Defendants and DOES 1 through 5.

7.      The dispute is based in Tort, and the amount demanded on behalf of Plaintiff is more than $300,000.00.  Accordingly, pursuant to Rule 26, Utah Rules of Civil Procedure, Plaintiff's claims are hereby pled under Tier Three (3).

8.      This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

9.      Venue is proper in this Court pursuant to Utah Code Ann. § 78B-3-307.

## **GENERAL ALLEGATIONS**

10.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if

fully set forth herein.

11. On March 4, 2018, Monte reserved a rental car from Enterprise and arranged to pick up the rental car the next morning.

12. On March 5, 2018, at approximately 8:15 a.m. Monte arrived at the Enterprise location (896 ½ N. Main Street, Logan, Cache County, Utah) to pick up his rental car.

13. Monte went into the Enterprise store and signed the necessary paperwork.  Monte was then advised that his vehicle was ready and was given the keys to the vehicle.

14. Monte walked out to the parking lot and went to where he was told the rental car was located.

15. As Monte approached the car, he noticed that Enterprise had placed the wiper blades on the rental car in an upward position (presumably to prevent them from freezing during the night).

16. As Monte attempted to lower the wiper blades, he slipped on black ice that had accumulated under the snow surrounding the rental car.

17. Monte felt immediate shoulder pain and went back inside the Enterprise office to report the incident.

18. Sean Fitzgerald, an Enterprise employee, inspected the area where Monte fell and confirmed Monte had slipped on the black ice that was not visible and had accumulated under the snow.

### **FIRST CLAIM FOR RELIEF**
(Negligence / Gross Negligence)
(All Defendants)

19. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

20. Defendants held their property open to the public for a purpose directly connected to their businesses.

21. Defendants owed a duty to use reasonable care to make its premises safe for invitees, including Monte.

22. Defendants owed a duty to use reasonable care to prevent injury to their customers, including Monte.

23. Defendants owed a duty to warn their customers, including Monte, of dangerous conditions on the premises.

24. Defendants owed a duty to inspect and discover dangerous conditions that involved unreasonable risks of harm to their customers, including Monte.

25. Defendants owed a duty to inspect the area around the rental car Monte was renting for dangerous conditions - such as inspecting for snow and black ice.

26. Defendants owed a duty to remove dangerous conditions from around the rental car Monte was renting – such as snow and black ice.

27. Defendants knew or should have known that the rental car Monte was renting was surrounded by black ice and snow.

28. Defendants knew or should have known that the snow and black ice presented an unreasonable risk of harm to its customers, including Monte.

29. Defendants knew or should have known Monte would not discover the black ice under the snow and/or that Monte would fail to protect himself.

30. Defendants knew, or should have known, Monte would be distracted, such that he would not discover the danger or would fail to protect himself against it, because Monte was forced to walk around the vehicle to lower the wiper blades Defendants had left in an upright position.

31. Defendants knew or should have known that Monte would encounter the danger and he would fall and seriously injure himself as evidenced by the following:

    a. Defendants knew the time Monte was arriving to pick up the rental car.

    b. Defendants knew the specific car Monte was renting before he arrived at their business location.

    c. Defendants knew the rental car was surrounded by snow and black ice.

    d. Defendants made no effort to remove the snow and black ice from around the rental car before Monte arrived.

    e. Defendants instructed Monte to go to the parking lot despite knowing Monte would have to encounter the snow and black ice to get to the rental car.

32. Defendants knew the parking lot's design caused water and ice to accumulate around the rental cars.

33.     Defendants owed a duty to take steps to prevent the accumulation of water and ice around the rental cars.

34.     Defendants owed a duty to warn customers of the accumulation of ice around the rental cars.

35.     Defendants breached the aforementioned duties.

36.     Defendants failed to observe even slight care.

37.     Defendants' acts and omissions were knowing, intentional, careless and reckless to a degree that showed utter indifference to the consequences of such acts and omissions.

38.     As a direct and proximate cause of the allegations contained herein, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent disfigurement, past and future medical expenses, mental anguish and suffering, loss of dignity, depression, feelings of hopelessness, despair, isolation, diminished earning capacity, lost wages, past and future household services, etc.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For all damages to which Plaintiff is entitled, in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent

disfigurement, past and future medical expenses, mental anguish and suffering, loss of dignity, depression, feelings of hopelessness, despair, isolation, diminished earning capacity, lost wages, past and future household services, etc.

2. For punitive damages,

3. For pre-judgment and post-judgment interest, and

4. For such other relief as may be deemed fair and equitable under the circumstances.

DATED this 1st day of February, 2021.

CARLSON INJURY LAW, LLC

*/s/ Mark L. Carlson*
MARK L. CARLSON
Attorney for Plaintiff